# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| **SIEGFRIED WHITE,** ) | |
| ) | |
| Plaintiff, ) | CASE NO. _____ |
| ) | |
| v. ) | **JURY TRIAL REQUESTED** |
| ) | |
| **KNIGHT-SWIFT** ) | |
| **TRANSPORTATION HOLDINGS** ) | |
| **INC. d/b/a KNIGHT** ) | |
| **TRANSPORTATION,** ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

**COMES NOW** Siegfried White ("Plaintiff" or "Mr. White") by and through his undersigned counsel of record to hereby file this complaint against Knight-Swift Transportation Holdings Inc. d/b/a Knight Transportation ("Defendant" or "Knight Transportation") as follows:

### I. JURISDICTION & VENUE

1. Mr. White files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §§ 1331 and 1334 (a)(4), as an action arising under the Act of Congress known as Title VII of the Civil Rights Act of 1964, (42 U.S.C. § 2000(e) et seq.), as amended by the 1991 Civil Rights Act, 42 U.S.C. § 1981(a); and 42 U.S.C. § 1201, et seq., to obtain equitable relief, the costs of suit, including reasonable attorneys' fees, and

1

damages suffered by the Plaintiff, due to the Defendant's discrimination against Plaintiff.

2. Mr. White filed a charge of race discrimination and retaliation with the U.S. Equal Employment Opportunity Commission ("EEOC") in Atlanta, Georgia on January 28, 2022. Plaintiff received a right-to-sue on September 15, 2022, giving Plaintiff the right to pursue this claim in federal court for 90 days after said receipt. (Exhibit A).

3. Venue is proper in the Atlanta Division of the Northern District of Georgia, since the Defendant operates a terminal and does business in Fulton County, Georgia.

4. The Defendant may be served through its registered agent at CT Corporation System, 289 S. Culver Street, Lawrenceville, GA 30046-4805.

## II. PARTIES

5. The Plaintiff, Siegfried White, is a citizen of the United States and a resident of LaGrange, Georgia. Mr. White is over the age of nineteen years.

6. The Defendant, Knight Transportation, is a trucking company and has a terminal located in Fulton County, Georgia. At all times relevant to this complaint, Plaintiff was employed by Defendant.

## III. STATEMENT OF FACTS

7. Mr. White is African-American.

8. Mr. White was hired by Knight Transportation on or about March 25, 2020 as a truck driver.

9. In July 2021, Michael Johnson a Caucasian male, became Mr. White's supervisor. On or about September 7, 2021, Mr. Johnson made racist and derogatory remarks directed to Mr. White. Specifically, Mr. Johnson stated "as a black man, you don't listen," and "as a black man, you need to start listening." At this same time, Michael asked Mr. White to turn in the keys to his truck.

10. Shortly thereafter, Mr. White complained to Patrick Lenier, General Manager, about Mr. Johnson's actions, but no appropriate action was taken on Mr. White's behalf. Mr. White also informed Mr. Lenier that he planned on filing a charge of discrimination with the EEOC.

11. Between September 7, 2021, and September 10, 2021, Mr. White made several efforts to contact Human Resources but he never received a response from Human Resources or any company representative regarding his complaint of discrimination. However, the Director of Human Resources contacted Mr. White and informed him he could take a position with less pay.

12. On September 21, 2022, Mr. White emailed Michael Weissman, Corporate Counsel for Knight Transportation, to inform him that he believed he had been discriminated against based on his race and retaliated against. Mr. White

reported Mr. Johnson's statement to Mr. Weissman and asked to meet to resolve the issue. (Exhibit B).

13. Around this same time, Mr. White learned that he was placed on a safety hold. Upon information and belief, Mr. White avers that Mr. Johnson placed him on a safety hold as retaliation for complaining about discrimination.

14. On or about September 30, 2022, Mr. White was informed he was terminated from his position at Knight Transportation. Knight Transportation's proffered reason for the separation was that Mr. White voluntarily resigned. However, Mr. White avers that he did not resign his employment and Knight's proffered reason for his separation is pretextual.

15. Based on the foregoing, Mr. White has been subjected to illegal discrimination based on his race and illegal retaliation for engaging in a protected activity. A convincing mosaic of evidence exists to demonstrate that Mr. White was subjected to intentional discrimination and retaliation by Knight Transportation when it failed to address his complaints of race discrimination and terminated him from his position.

16. As a result of his Knight Transportation's actions, Mr. White has lost wages and incurred costs and attorney's fees. Mr. White has also suffered severe mental and emotional distress.

## IV.  PLAINTIFF'S  CAUSES OF ACTION

## COUNT ONE - RACE DISCRIMINATION

17. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 16 above, the same as if more fully set forth herein, and further avers that the Defendant's actions toward him violated his right to be free of racial discrimination in employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, (42 U.S.C. § 2000(e), et seq.), and the 1991 Civil Rights Act.

18. As a proximate cause of Defendant's afore-described actions in discriminating against Plaintiff, due to his race, Plaintiff was injured and damaged, as set forth in paragraphs 1 through 16 above.  In addition, Plaintiff has suffered considerable mental and emotional anguish.

19. Plaintiff avers that he has pursued and exhausted his administrative remedies.

## **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that this Court grant the following relief:

a) Judgment declaring that the Defendant discriminated against Plaintiff, on the basis of Plaintiff's race;

b)     An order granting Plaintiff compensation for rights to which Plaintiff would have been entitled, had Plaintiff not been the victim of race discrimination, effective from the date of final judgment;

c)     An award of compensatory damages, including for mental anguish, to which Plaintiff may be entitled;

d)     An award of punitive damages, due to the egregious nature of the race discrimination practiced against Plaintiff so openly tolerated, ratified and acquiesced in by the Defendant;

e)     An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief; and

f)     Such further, other and different relief as the Court may deem appropriate and necessary.

### COUNT TWO - RETALIATON

20.    Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 16 above, the same as if more fully set forth herein, and further avers that the Defendant's actions toward him, violated the anti-retaliation provisions under Title VII of the Civil Rights Act of 1964, (42 U.S.C. '2000e, et seq.), as amended by the 1991 Civil Rights Act.

21.    As a proximate cause of Defendant's afore-described actions of unlawful retaliation against Plaintiff, the Plaintiff was injured and damaged, as set

forth in paragraphs 1 through 16 above. In addition, Plaintiff has suffered considerable mental and emotional anguish.

22. Plaintiff avers that he has pursued and exhausted his administrative remedies.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that this Court grant the following relief:

a) A declaratory judgment declaring that the Defendant has unlawfully retaliated against the Plaintiff after he engaged in statutorily protected activity;

b) An award of compensatory damages, including for mental anguish, to which the Plaintiff may be entitled;

c) An award of punitive damages, due to the egregious nature of Defendant's wrongdoing.

d) An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief;

e) Such further, other and different relief as the Court may deem appropriate and necessary.

## V.  JURY DEMAND

Plaintiff hereby requests trial by jury on all issues so triable.

Respectfully submitted this 7th day of December, 2022.

**HKM EMPLOYMENT ATTORNEYS LLP**

By: /s/ *Chase Estes*

Chase Estes
HKM Employment Attorneys LLP
2024 3rd Ave. North, Suite 307
Birmingham, Alabama 35203
Telephone: 205-855-5284
Email: cestes@hkm.com
Georgia Bar No. 485174

**Attorney for Plaintiff**

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1 (D) NDGa, the undersigned hereby certifies that this response complies with the font requirements of L.R. 5.1 (C) NDGa because this document has been prepared in Times New Roman, 14-point type.

By: */s/ Chase Estes*
Chase Estes
Georgia Bar No. 485174
